**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **WILLIAM C. GRIM,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:09-CV-110-Y** |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for

the Northern District of Texas.  The Findings, Conclusions, and Recommendation of the United

States Magistrate Judge are as follows:

**I.  FINDINGS AND CONCLUSIONS**

A.  NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B.  PARTIES

Petitioner William C. Grim, TDCJ # 719083, is a state prisoner in custody of the Texas

Department of Criminal Justice, Correctional Institutions Division, in Beaumont, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal

Justice, Correctional Institutions Division.

C.  FACTUAL AND PROCEDURAL HISTORY

As a result of events occurring on December 17, 1994, Grim was charged by separate

indictment with one count of intentional injury to a child with a deadly weapon (Case No. 10147-A) and two counts of aggravated assault with a deadly weapon (Case Nos. 10150-A and 10151-A) in the 29th Judicial District Court of Palo Pinto County, Texas.  *See Ex parte Grim*, State Habeas Records in WR-41,787-02 through WR-41,787-04 (records are not paginated).  A jury found Grim guilty of intentional injury to a child with a deadly weapon on June 14, 1995, after which Grim entered guilty pleas to the aggravated assault charges.  The trial court assessed his punishment at life imprisonment and two 20-year sentences, respectively.

The Eleventh District Court of Appeals of Texas affirmed the trial court's judgments on May 9, 1996.  *Grim v. Texas*, 923 S.W.2d 767 (Tex. App.–Eastland 1996).  Grim did not file a petition for discretionary review; thus his convictions became final under state law on Monday, June 9, 1996. *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).  (Resp't Preliminary Response, Exhibit A)  On January 15, 2008, Grim filed three state applications for writ of habeas corpus (one for each conviction), raising one or more of the issues presented herein, which were denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court on February 4, 2009.  This federal petition for writ of habeas corpus was filed by Grim on February 13, 2009.[1]  As directed, Quarterman has filed a preliminary response and documentary exhibits addressing only limitations.  Grim filed a timely reply.

D.  ISSUES

Grim raises six grounds challenging his convictions and/or sentences.  (Petition at 7-8A)

---

[1]A pro se habeas petition is filed when the petition is delivered to prison authorities for mailing.  *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

E.  STATUTE OF LIMITATIONS

Quarterman argues that Grim's petition should be dismissed with prejudice because his petition is barred by the statute of limitations.  (Resp't Answer at 4-9.)  The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effective April 24, 1996, imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief.  28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Petitioners attacking convictions which became final before the AEDPA's effective date have one year from the effective date of the Act to file a federal habeas corpus action.  *Flanagan v.*

*Johnson*, 154 F.3d 196, 200 (5th Cir. 1998); *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgments of conviction became final by the expiration of the time for seeking direct review.[2]  As noted above, the state court's judgments became final on June 9, 1996, prior to the effective date of the AEDPA.  Thus, Grim's petition was due on or before April 24, 1997, absent any applicable tolling.  *Flanagan*, 154 F.3d at 202.  Grim's state habeas applications filed after the statute of limitations had already expired did not operate to toll the running of the federal period for purposes of § 2244(d)(2).  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).  Nor has Grim alleged or demonstrated that he is entitled to tolling as a matter of equity, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner.  *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).  A prisoner's ignorance of the law or filing deadlines does not justify equitable tolling.  *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).

Grim's federal petition was due on or before April 24, 1997.  Accordingly, his petition filed on February 13, 2009, nearly twelve years later, is untimely.

## II.  RECOMMENDATION

Grim's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

---

[2]Grim makes a fleeting reference to newly discovered evidence, but fails to specify the nature of the newly discovered evidence.  (Pet'r Objection at 2)

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED
### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific

written objections in the United States District Court to the United States Magistrate Judge's

proposed findings, conclusions, and recommendation within ten (10) days after the party has been

served with a copy of this document.  The court is extending the deadline within which to file

specific written objections to the United States Magistrate Judge's proposed findings, conclusions,

and recommendation until May 20, 2009.  The United States District Judge need only make a *de

novo* determination of those portions of the United States Magistrate Judge's proposed findings,

conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. §

636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual

finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice,

from attacking on appeal any such proposed factual finding or legal conclusion accepted by the

United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th

Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until May 20, 2009, to

serve and file written objections to the United States Magistrate Judge's proposed findings,

conclusions, and recommendation.  It is further ORDERED that if objections are filed and the

opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing

date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to

the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby

is returned to the docket of the United States District Judge.

SIGNED April 29, 2009.

/s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE