```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF TEXAS
                         FORT WORTH DIVISION

WILLIAM C. GRIM,                   §
     Petitioner,                   §
                                   §
VS.                                §   CIVIL ACTION NO.4:09-CV-110-Y
                                   §
NATHANIEL QUARTERMAN, Director,    §
T.D.C.J.,Correctional              §
Institutions DIV.,                 §
     Respondent.                   §
```

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS

In this action brought by petitioner William C. Grim under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on April 29, 2009; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on June 8, 2009.

The Court, after **de novo** review, concludes that Petitioner's objections must be overruled, and that the petition for writ of habeas corpus should be dismissed with prejudice as time-barred under 28 U.S.C. § 2244, for the reasons stated in the magistrate judge's findings and conclusions[1] and as stated herein.

In his objections, Grim cites as a source of authority the Supreme Court's decision in *Cunningham v. California,*[2] in which the Court held the California Determinate Sentencing Law violated the Sixth Amendment. To the extent this reference is a claim that the statute of limitations started running on the "date on which the

---

[1] Although the magistrate judge's report indicated that the time for Grim to file a § 2254 petition was in April 1997, the one year ran from the date Grim's conviction became final under state law on June 9, 1996; thus, until June 9, 1997.

[2] 549 U.S. 270 (2007).

constitutional right asserted was initially recognized by the Supreme Court . . . and made retroactively applicable to cases on collateral review" under 28 U.S.C. § 2244(d)(1)(C), such claim fails. The Supreme Court has not recognized the *Cunningham* decision as a new rule, and it therefore does not provide an alternative start date under § 2244(d)(1)(C).[3] Grimm's objection on this basis is overruled.

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED as modified.

Petitioner William C. Grim's petition for writ of habeas corpus is DISMISSED WITH PREJUDICE.

SIGNED June 9, 2009.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[3] *See Critton v. Dexter,* No. EDCV 08-1722-DCO(AGR), 2009 WL 1363543, at *4-5 (C.D. Cal. May 7, 2009)(citing *Dodd v. United States,* 545 U.S. 353 (2005) and *Butler v. Curry,* 528 F.3d 624, 639 (9th Cir. 2008)).